IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT T. ALMY, on behalf of himself and all other persons similarly situated known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>KICKERT SCHOOL BUS LINE, INC.,<br><br>Defendant. | Case No.  FILED: MAY 19, 2008<br>          08 cv 2902   JH<br>Judge    JUDGE DOW, JR.<br>         MAGISTRATE JUDGE DENLOW |

## COMPLAINT

Plaintiff Robert T. Almy, on behalf of himself and all other persons similarly situated known and unknown, through his attorneys, for his Complaint against Kickert School Bus Line, Inc., ("Defendant"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA), for Defendant's failure to pay overtime wages to Plaintiff and other similarly situated persons. Plaintiff and other similarly situated hourly paid school bus drivers customarily worked in excess of forty (40) hours per week but were not paid overtime wages at the rate of one and a half times their regular rate of pay for all time worked in excess of forty (40) hours per week. In addition, Plaintiff brings individual claims under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendant's failure to pay him overtime and under the Illinois Wage Payment Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), for Defendant's failure to pay him at the rate agreed to by the parties for all time he worked for Defendant. A copy of Plaintiff's

1

consent form to act as a representative Plaintiff in this collection action under the FLSA is attached hereto as Exhibit A.

**THE PARTIES**

2.　　Plaintiff Robert T. Almy currently resides in and is domiciled in Lake County, Indiana. Plaintiff is employed by Defendant within this judicial district.

3.　　Plaintiff is employed by Defendant as an "employee" performing the job of a school bus driver and is not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/1 *et seq.*, or the FLSA, 29 U.S.C. §207.

4.　　During the course of Plaintiff's employment with Defendant, Defendant has been an "employer" as defined in the FLSA, 29 U.S.C. §203(d), and the Illinois Minimum Wage Law, 820 ILCS 105/3(c).

5.　　Defendant is an Illinois corporation doing business as a bus company and is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A).

6.　　Defendant's principal place of business is in this judicial district.

**COUNT I**
**Violation of the Fair Labor Standards Act -- Overtime Wages**
**(Collective action)**

7.　　Plaintiff hereby realleges and incorporates paragraphs 1 through 6 of this Complaint.

8.　　This count arises from Defendant's willful violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, for its failure to pay overtime wages to Plaintiff and other similarly

situated persons at a rate of one and one half times their regular rate of pay.

9. Plaintiff was directed by Defendant to work, and did so work, in excess of forty (40) hours per week.

10. Other similarly situated persons employed by Defendant as school bus drivers, were directed by Defendant to work, and did so work, in excess of forty (40) hours per week.

11. All persons who are employed by Defendant as school bus drivers are compensated for time worked in manner similar to Plaintiff.

12. Defendant failed and refused to pay Plaintiff overtime wages at a rate of one and half times his regular hourly rate of pay for all time he worked in excess of forty (40) hours in individual work weeks.

13. Defendant failed and refused to pay other similarly situated persons overtime wages at a rate of one and half times their regular hourly rate of pay for all time they worked in excess of forty (40) hours in individual work weeks.

14. Defendant violated the FLSA, 29 U.S.C. §207, by failing to pay Plaintiff and other similarly situated persons overtime wages for all time worked over 40 hours in the same work week.

15. Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendant's failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. §207.

16. Defendant willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other similarly situated persons overtime wages for all time they worked in excess

of forty (40) hours per week and by paying overtime wages at an incorrect regular rate of pay.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

- A. A judgment in the amount of one and one-half times his regular rate of pay for all time which he worked in excess of forty (40) hours per week;
- B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;
- C. Reasonable attorneys' fees and costs incurred in filing this action; and
- D. Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the Illinois Minimum Wage Law -- Overtime Wages
### (Individual Action)

17. Plaintiff hereby realleges and incorporates paragraphs 1 through 16 of this Complaint.

18. This count arises from Defendant's violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, for Defendant's failure to pay Plaintiff his earned overtime pay for hours worked in excess of forty (40) in individual workweeks.

19. Plaintiff was directed by Defendant to work, and worked, in excess of forty (40) hours per week.

20. Plaintiff was entitled to be paid overtime pay at one and one half times his regular hourly rate of pay for all time he worked in excess of 40 hours in the same work week.

21. Plaintiff was not paid overtime pay at one and half times his regular hourly rate of pay for all time he worked in excess of 40 hours in the same work week.

22. Defendant's practices, described above, violated the maximum hour provisions of the IMWL, 820 ILCS 105/4a.

23. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendant, as follows:

A. A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law, 820 ILCS 105/1 *et. seq.*;

D. That the Court determine the rights of the parties and direct Defendant to account for all time worked and wages paid to Plaintiff;

E. Reasonable attorneys' fees and costs incurred in filing this action; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act
### (Plaintiff individually)

Plaintiff hereby realleges and incorporates paragraphs 1 through 23 of this Complaint.

24. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

25. During the course of his employment with Defendant, Plaintiff was Defendant's

"employee" within the meaning of the IWPCA, 820 ILCS 115/1 *et seq.*

26.     During the course of his employment with Defendant, Defendant was Plaintiff's "employer" as defined in the IWPCA, 820 ILCS 115/1 *et seq.*

27.     Defendant agreed to compensate Plaintiff for his work at the hourly rate agreed to by the parties.

28.     Defendant failed to pay Plaintiff for all time he worked in individual work weeks.

29.     Defendant violated the IWPCA, 820 ILCS 115/9, by failing to pay Plaintiff for all time he worked.

30.     Plaintiff has been damaged by Defendant's failure to pay him for all time he worked for Defendant.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

    A.     A judgment in the amount of all back wages due, as provided by the Illinois Wage Payment and Collection Act;

    B.     Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

    C.     An injunction precluding Defendants from violating the IWPCA, 820 ILCS 115/1 *et seq.*; and

    D.     Such other and further relief as this Court deems appropriate and just.

                                        Respectfully submitted,

Dated: May 19, 2008

                                        <u>s/ Douglas M. Werman</u>
                                        DOUGLAS M. WERMAN (ARDC #6204740)
                                        MAUREEN A. BANTZ (ARDC #6289000)
                                        Werman Law Office, P.C.
                                        77 West Washington Street, Suite 1402
                                        Chicago, Illinois 60602
                                        (312) 419-1008

                                        Attorneys for Plaintiff

# EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by Kickert Bus Lines, Inc. within the prior three (3) years, that I have worked for Defendant time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _ROBERT T. ALmy_ (print your name)

Signature: _Robert J. Almy_

Date on which I signed this Notice: _5/5/08_
(today's date)