IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT T. ALMY, on behalf of himself and all other persons similarly situated known and unknown, )<br>)<br>)<br>) | |
| ) | Case No. 08 CV 2902 |
| Plaintiff, ) | |
| ) | Judge: Robert E. Dow Jr. |
| v. ) | |
| ) | Mag. Judge: Morton Denlow |
| KICKERT SCHOOL BUS LINE, INC., )<br>) | |
| Defendant. ) | |

## ANSWER

Kickert School Bus Lines, Inc., by its attorneys, Sangerman & Gilfillan, P.C., answers the Complaint as follows:

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA), for Defendant's failure to pay overtime wages to Plaintiff and other similarly situated persons. Plaintiff and other similarly situated hourly paid school bus drivers customarily worked in excess of forty (40) hours per week but were not paid overtime wages at the rate of one and a half times their regular rate of pay for all time worked in excess of forty (40) hours per week. In addition, Plaintiff brings individual claims under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendant's failure to pay him overtime and under the Illinois Wage Payment Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), for Defendant's failure to pay him at the rate agreed to by the parties for all time he worked for Defendant. A copy of Plaintiff's consent form to act as a representative Plaintiff in this collection action under the FLSA is attached hereto as Exhibit A.

Answer: Admits the nature of the claims in the lawsuit but denies any violation of state or federal law.

2. Plaintiff Robert T. Almy currently resides in and is domiciled in Lake County, Indiana. Plaintiff is employed by Defendant within this judicial district.

Answer: Admits the allegations.

3. Plaintiff is employed by Defendant as an "employee" performing the job of a school bus driver and is not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/1 *et seq.*, or the FLSA, 29 U.S.C. §207.

Answer: Admits that Plaintiff is employed as a school bus driver but denies the remaining allegations.

4. During the course of Plaintiff's employment with Defendant, Defendant has been an "employer" as defined in the FLSA, 29 U.S.C. §203(d), and the Illinois Minimum Wage Law, 820 ILCS 105/3(c).

Answer: Admits the allegations.

5. Defendant is an Illinois corporation doing business as a bus company and is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A).

Answer: Admits the allegations.

6. Defendant's principal place of business is in this judicial district.

Answer: Admits the allegations.

**COUNT I**
**Violation of the Fair Labor Standards Act -- Overtime Wages**
**(Collective action)**

7.      Plaintiff hereby realleges and incorporates paragraphs 1 through 6 of this Complaint.

Answer:      The answers to paragraphs 1-6 are incorporated by reference.

8.      This count arises from Defendant's willful violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, for its failure to pay overtime wages to Plaintiff and other similarly situated persons at a rate of one and one half times their regular rate of pay.

Answer:      Denies the allegations.

9.      Plaintiff was directed by Defendant to work, and did so work, in excess of forty (40) hours per week.

Answer:      Admits that Plaintiff worked more than forty (40) hours per week in some workweeks but not all workweeks.

10.      Other similarly situated persons employed by Defendant as school bus drivers, were directed by Defendant to work, and did so work, in excess of forty (40) hours per week.

Answer:      Admits that some other similarly situated persons employed by Defendant worked more than forty (40) hours per week in some workweeks but not all workweeks.

11.      All persons who are employed by Defendant as school bus drivers are compensated for time worked in manner similar to Plaintiff.

Answer:      Admits the allegations.

12.      Defendant failed and refused to pay Plaintiff overtime wages at a rate of one and half times his regular hourly rate of pay for all time he worked in excess of forty (40) hours in individual work weeks.

Answer:     Denies the allegations.

13.    Defendant failed and refused to pay other similarly situated persons overtime wages at a rate of one and half times their regular hourly rate of pay for all time they worked in excess of forty (40) hours in individual work weeks.

Answer:     Denies the allegations.

14.    Defendant violated the FLSA, 29 U.S.C. §207, by failing to pay Plaintiff and other similarly situated persons overtime wages for all time worked over 40 hours in the same work week.

Answer:     Denies the allegations.

15.    Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendant's failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. §207.

Answer:     Denies the allegations.

16.    Defendant willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other similarly situated persons overtime wages for all time they worked in excess of forty (40) hours per week and by paying overtime wages at an incorrect regular rate of pay.

Answer:     Denies the allegations.

**COUNT II**
**Violation of the Illinois Minimum Wage Law -- Overtime Wages**
**(Individual Action)**

17.    Plaintiff hereby realleges and incorporates paragraphs 1 through 16 of this Complaint.

Answer:     The answers to paragraphs 1-16 are incorporated by reference.

18.     This count arises from Defendant's violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*., for Defendant's failure to pay Plaintiff his earned overtime pay for hours worked in excess of forty (40) in individual workweeks.

Answer:     Denies the allegations.

19.     Plaintiff was directed by Defendant to work, and worked, in excess of forty (40) hours per week.

Answer:     Admits that Plaintiff worked more than forty (40) hours per week in some workweeks but not all workweeks.

20.     Plaintiff was entitled to be paid overtime pay at one and one half times his regular hourly rate of pay for all time he worked in excess of 40 hours in the same work week.

Answer:     Denies the allegations.

21.     Plaintiff was not paid overtime pay at one and half times his regular hourly rate of pay for all time he worked in excess of 40 hours in the same work week.

Answer:     Denies the allegations.

22.      Defendant's practices, described above, violated the maximum hour provisions of the IMWL, 820 ILCS 105/4a.

Answer:     Denies the allegations.

23.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

Answer:     Denies the allegations.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act
### (Plaintiff individually)

(This allegation was not numbered in the Complaint.)

Plaintiff hereby realleges and incorporates paragraphs 1 through 23 of this Complaint.

Answer:	The answers to paragraphs 1-23 are incorporated by reference.

24.	This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

Answer:	Defendant neither admits nor denies the allegation since it calls for a legal conclusion.

25.	During the course of his employment with Defendant, Plaintiff was Defendant's "employee" within the meaning of the IWPCA, 820 ILCS 115/1 *et seq.*

Answer:	Admits the allegations.

26.	During the course of his employment with Defendant, Defendant was Plaintiff's "employer" as defined in the IWPCA, 820 ILCS 115/1 *et seq.*

Answer:	Admits the allegations.

27.	Defendant agreed to compensate Plaintiff for his work at the hourly rate agreed to by the parties.

Answer:	Admits the allegations.

28.	Defendant failed to pay Plaintiff for all time he worked in individual work weeks.

Answer:	Denies the allegations.

29.	Defendant violated the IWPCA, 820 ILCS 115/9, by failing to pay Plaintiff for all time he worked.

Answer:   Denies the allegations.

30.   Plaintiff has been damaged by Defendant's failure to pay him for all time he worked for Defendant.

Answer:   Denies the allegations.

## DEFENSES

1.   Plaintiffs were exempt from the overtime pay requirements of the FLSA by virtue of the Motor Carrier Act exemption in §13(b)(1) of the FLSA, 29 U.S.C. §213(b).

2.   Plaintiffs were exempt from the overtime pay requirements of the IMWL by virtue of the motor carrier exemption in 820 ILCS 105/3 (d)(7).

3.   Plaintiffs are precluded from recovering any wages for work prior to May 19, 2006 due to the two year statute of limitations in §6(a) of the Portal-to Portal Act, 29 U.S.C. §255 or prior to May 19, 2005 due to the three year statute of limitations in the IMWL.

4.   Plaintiffs are not entitled to liquidated damages by virtue of §11 of the Portal-to-Portal Act, 29 U.S.C. §260, because Defendants in good faith believed that they were exempt under §13(b)(1) of the FLSA.

5.   The failure to pay overtime compensation was in reliance on the U.S. Department of Labor's long-standing interpretation of §13(b)(1) as applying to the school bus industry and the U. S. Department of Transportation's continuing regulation of company activities and therefore is a defense under §10 of the Portal-to-Portal Act, 29 U.S.C. §259.

6.   Plaintiff's claims are pre-empted by the National Labor Relations Act (29 U.S.C §151 *et. seq.*) and the Federal Arbitration Act (9 U.S.C . §1 *et. seq.*) insofar as they raise issues cognizant under Defendant's contract with Teamsters Local 142 and the dispute resolution procedures in that contract.

WHEREFORE, Defendant Kickert School Bus Lines, Inc. requests that the Complaint be dismissed and that its costs be assessed against Plaintiff.

                                                       s/ Harry Sangerman  
                                        Harry Sangerman, Attorney for  
                                        Kickert School Bus Lines, Inc.

Sangerman & Gilfillan, P.C.  
1854 N. Burling Street  
Suite 300  
Chicago, Illinois  60614  
(312) 867-1234

Dated:  June 19, 2008

CERTIFICATE OF SERVICE

One copy of the foregoing Answer was served this 19th day of June by email (dwerman@flsalaw.com) and regular U.S. Mail on:

>Mr. Douglas Werman
>Werman Law Office, P.C.
>77 W. Washington Street, Suite 1402
>Chicago, IL  60602

>\_\_\_\_\_s/  Harry Sangerman\_\_\_\_
>Harry Sangerman