IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT T. ALMY, on behalf of himself and all other persons similarly situated known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>KICKERT SCHOOL BUS LINE, INC.,<br><br>Defendant. | Case No. 08 C 2902<br><br>Judge Dow, Jr. |

## JOINT INITIAL STATUS REPORT

The parties, by their undersigned attorneys, submit this initial status report:

**A.  Nature of the Case**

  **1.  Attorneys of Record**

Douglas M. Werman  
Maureen A. Bantz  
Werman Law Office, P.C.  
77 W. Washington Street, Suite 1402  
Chicago, Illinois 60602  
*Attorneys for Plaintiffs*

Harry Sangerman  
Sangerman & Gilfillan, P.C.  
1854 N. Burling Street  
Chicago, IL 60614  
*Attorneys for Defendant*

  **2.  Basis for Federal Jurisdiction**

The Court has federal question jurisdiction over Plaintiffs' Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*) claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' Illinois Minimum Wage Law (820 ILCS 115/1 *et seq.*)("IMWL") claims pursuant to 28 U.S.C. § 1367.

  **3.  Nature of Claims Asserted and Expected Counterclaims**

This case involves federal and state claims for unpaid overtime wages. Defendants deny there is any violation of the above referenced statutes. No counterclaims were asserted by

Defendants.

4. **Parties Not Served**

All parties have been served.

5. **Principal Legal Issues**

   a. Whether Plaintiffs are exempt from the overtime pay requirements of the FLSA and IMWL;

   b. Whether the number of hours that Plaintiffs worked in excess of forty (40) hours in individual work weeks, if any, are compensable as overtime work under the FLSA and IMWL;

   c. Whether Defendants violated the FLSA and the IMWL;

   d. If Defendants violated the FLSA and/or the IMWL, what damages are recoverable; and

   e. Whether certain of Plaintiffs' claims are pre-empted by the NLRA and FAA.

6. **Principal Factual Issues**

   a. The nature of Plaintiffs' work in relation to FLSA and IMWL exemptions;

   b. The number of hours that Plaintiffs worked in each work week;

   c. The wages Plaintiffs were paid each work week;

   d. The method in which Defendants calculated Plaintiffs' wages;

   e. The amount of Plaintiffs' damages, if any.

7. **Jury Demanded**

A jury trial has not been demanded.

B. **Proceedings to Date**

   1. **Substantive Rulings.**

No substantive rulings have been issued in this case.

   2. **Pending Motions**

No motions are pending in this case.

3.  **Anticipated Motions**

The parties do not anticipate any particular motions at this point in time.

4.  **Scheduling Order**

No scheduling order has been entered in this matter.

5.  **Written Status Reports**

No written status reports have been filed in this matter.

C.  **Discovery Plan**

1.  **Commencement of Discovery**

Discovery has not yet commenced.

2.  **Status of Discovery**

No discovery has yet been issued.

3.  **Discovery Cut-off Date**

No discovery cut-off date has been set.

4.  **Discovery Disputes**

No discovery disputes are pending.

5.  **Suggested Discovery Cut-Off Date**

The parties suggest that the discovery cutoff date be set for January 13, 2009.

D.  **Trial**

1.  **Trial Status**

This case is not ready for trial.

2.  **Suggested Trial Date**

The Parties anticipate they will be prepared to commence a trial in the Summer, 2009.

3.  **Estimated Length of Trial**

The Parties are unable at this to estimate the length of trial in this matter.

4.  **Final Pre-Trial Order**

A final pre-trial order has not been filed and is not in the process of being prepared.

5.  **Consent Before Magistrate Judge**

The parties do not unanimously consent to proceed before a magistrate judge at this time.

E.  **Settlement**

1.  **Status of Settlement Discussions**

The parties are interested in exploring the possibility of early resolution of this matter. Plaintiffs have requested that Defendants provide them with their time and payroll records to facilitate settlement of this matter.

2.  **Settlement Conference**

The Parties do not request a settlement conference at this time.

For Plaintiffs:

By: s/Douglas M. Werman
Douglas M. Werman
Maureen A. Bantz
Werman Law Office, P.C.
77 W. Washington Street, Suite 1402
Chicago, Illinois 60602
*Attorneys for Plaintiffs*

Dated: July 14, 2008

For Defendants:

By: s/Harry Sangerman (w/consent)
Harry Sangerman
Sangerman & Gilfillan, P.C.
1854 N. Burling Street
Chicago, IL 60614
*Attorneys for Defendants*

Dated: July 14, 2008