# Federal Motor Carrier Safety Administration

Home **Rules & Regulations** Registration & Licensing Forms Safety & Security Facts & Research Cross Border About FMCSA

Home > Rules & Regulations > Interpretation for Part 390: General

Search All FMCSA Sites

## Interpretation for Part 390: General

 Print

- Overview

**Federal Regulations**
- All
- Driver
- Vehicle
- Company
- FMCSA Hazmat
- Regulatory Guidance

**Rulemakings and Notices**
- Final Rules
- Interim Final Rules
- Proposed Rules
- Notices

**Topics of Interest**
- Hours of Service (HOS)
- Hazardous Materials
- Medical Program
- Medical Expert Panels
- NAFTA Rules
- Drug & Alcohol Testing

Search: Regulatory Guidance  for  [    ] Go
Examples: *Medical Form, 391.53, 391*

↟ All Regulations
↟ Part 390

< 390.1                                                                 390.5 >

**Subpart A—General applicability and definitions**

**Question 1:** Does the government exception in §390.3(f)(2) apply to motor carriers doing business with the government?

*Guidance:* No. The exception applies only when the government is the motor carrier.

**Question 2:** Are the FMCSRs applicable to drivers and CMVs which transport tools, equipment, and supplies across State lines in a CMV?

*Guidance:* Yes, the FMCSRs are applicable to drivers and CMVs in interstate commerce which transport property. The property in this situation is the tools, equipment and supplies.

**Question 3:** Are the operations of a church which provides bus tours to the general public for compensation subject to the FMCSRs as a for-hire motor carrier?

*Guidance:* Yes, the church is a for-hire motor carrier of passengers subject to the FMCSRs.

**Question 4:** Are the FMCSRs applicable to the rail movement of trailers and inter modal container chassis that previously or subsequently were moved by highway by a motor carrier in interstate commerce?

*Guidance:* No. They are only subject when being moved as a motor vehicle by highway by a motor carrier.

**Question 5:** Are personnel involved in road testing CMVs across a State line subject to the FMCSRs?

*Guidance:* Yes, any driver (including mechanics, technicians, driver trainees and other personnel) operating a CMV in interstate commerce must be in compliance with the FMCSRs.

**Question 6:** How does one distinguish between intra- and interstate commerce for the purposes of applicability of the FMCSRs?

*Guidance:* Interstate commerce is determined by the essential character of the movement, manifested by the shipper's fixed and persistent intent at the time of shipment, and is ascertained from all of the facts and circumstances surrounding the transportation. When the intent of the transportation being performed is interstate in nature, even when the route



is within the boundaries of a single State, the driver and CMV are subject to the FMCSRs.

*Question 7:* Are Red Cross vehicles/drivers subject to the FMCSRs?

*Guidance:* Red Cross vehicles/drivers used to provide emergency relief under the provisions of §390.23 are not subject to the FMCSRs while providing the relief. However, these vehicles/drivers would be subject when operating at other times, provided they are used in interstate commerce and the vehicles meet the definition of a CMV.

*Question 8:* May a motor carrier require fingerprinting as a pre-employment condition?

*Guidance:* The FMCSRs do not require or prohibit fingerprinting as a condition of employment. §390.3(d) allows employers to enforce more stringent requirements.

*Question 9:* Are the FMCSRs applicable to drivers/vehicles operated by a State or local educational institution which is apolitical subdivision of the State?

*Guidance:* §390.3(f)(2) specifically exempts transportation performed by a State or a political subdivision including any agency of a State or locality from the FMCSRs. The drivers, however, may be subject to the CDL requirements and/or State laws that are similar to the FMCSRs.

*Question 10:* Are the FMCSRs applicable to drivers/vehicles operated by a transit authority owned and operated by a State or a political subdivision of the State?

*Guidance:* §390.3(f)(2) specifically exempts transportation performed by the Federal Government, a State, or any political subdivision of a State from the FMCSRs. However, this exemption does not apply to the CDL requirements in part 383. Also, if governmental entities engage in interstate charter transportation of passengers, they must comply with accident report retention requirements of part 390.

*Question 11:* Is the interstate transportation of students, teachers and parents to school events such as athletic contests and field trips performed by municipalities subject to the FMCSRs? If a fee is charged to defer the municipality's expenses, does this affect the applicability of the regulations?

*Guidance:* §390.3(f)(2) specifically exempts transportation performed by the Federal Government, a State, or any political subdivision of a State from the FMCSRs. Charging a fee to defer governmental costs does not affect this exemption.

However, this exemption does not apply to the CDL requirements in part 383. Also, if governmental entities engage in interstate charter transportation of passengers, they must comply with accident report retention requirements of part 390.

*Question 12:* What is the applicability of the FMCSRs to school bus operations performed by Indian Tribal Governments?

*Guidance:* Transportation performed by the Federal Government, States, or political subdivisions of a State is generally excepted from the FMCSRs. This general exception includes Indian Tribal Governments, which for purposes of §390.3(f) are equivalent to a State governmental entity. When a driver is employed and a bus is operated by the governmental entity, the operation would not be subject to the FMCSRs, with the following exceptions: The requirements of part 383 as they pertain to commercial driver licensing standards are applicable to every driver operating a CMV, and the accident report retention requirements of part 390 are applicable when the governmental entity is performing interstate charter transportation of passengers.

*Question 13:* A motor carrier dispatches an empty CMV from State A into

Case: 1:08-cv-02902 Document #: 55-3 Filed: 02/27/09 Page 3 of 6 PageID #:230

into adjoining State B in order to transport cargo or passengers between two points in State B, and then to return empty to State A. Does the transportation of cargo or passengers within State B constitute interstate commerce?

*Guidance:* Yes. The courts and the ICC developed a test that clarifies the legal status of intrastate portions of interstate trips. The character of the intrastate leg depends on the shipper's fixed and persistent intent when the transportation began. The fixed and persistent intent in this case was to move property—the vehicle itself—across State lines and between two points in State B where it was used to haul cargo or passengers. The transportation within State B, therefore, constitutes interstate commerce. In some cases the motor carrier may be the shipper.

**Question 14:** What is the applicability of the FMCSRs to motor carriers owning and operating school buses that contract with a municipality to provide pupil transportation services?

*Guidance:* For the purposes of the FMCSRs, parts 390-399, "school bus operation" means the use of a school bus to transport school children and/or school personnel from home to school and from school to home. A "school bus" is a passenger motor vehicle designed to carry more than 10 passengers in addition to the driver, and used primarily for school bus operations (see §390.5). School bus operations and transportation performed by government entities are specifically exempted from the FMCSRs under §390.3(f).

However, anyone operating school buses under contract with a school is a for-hire motor carrier. When a nongovernment, for-hire motor carrier transports children to school-related functions other than "school bus operation" such as sporting events, class trips, etc., and operates across State lines, its operation must be conducted in accordance with the FMCSRs. This applies to motor carriers that operate CMVs as defined under part 390 which includes vehicles which have a GVWR of 10,001 pounds or more or are designed or used to carry passengers for compensation, except 6-passenger taxicabs not operating on fixed routes.

In certain instances, carriers providing school bus transportation are not subject to the Bus Regulatory Reform Act of 1982 and the minimum financial responsibility requirements (part 387) issued under this Act. Transportation of school children and teachers that is organized, sponsored, and paid for by the school district is not subject to part 387. Therefore, school bus contractors must comply with the FMCSRs for interstate trips such as sporting events and class trips but are not required by Federal regulations to carry a specific level of insurance coverage.

For those operations provided by school bus contractors that are subject to the FMCSRs, the motor carriers must keep driver and vehicle records as required by the regulations. This would include driver qualifications records (part 391), driver records of duty status (part 395), accident report retention (part 390), and inspection, repair, and maintenance records (part 396) for the drivers and vehicles that are used on the trips that are subject to the FMCSRs. These records are not required under the FMCSRs for the other vehicles in the motor carrier's fleet that are not subject to the regulations.

**Question 15:** May drivers be coerced into employing loading or unloading assistance (lumpers)?

*Guidance:* No. The Motor Carrier Act of 1980 made it illegal to coerce someone into unwanted loading or unloading and require payment for it (49 U.S.C. 14103, previously 49 U.S.C. 11109). The FHWA is responsible for the enforcement of regulations forbidding coercion in the use of lumpers.

**Question 16:** a. Are vehicles which, in the course of interstate

transportation over the highway, are off the highway, loading, unloading or waiting, subject to the FMCSRs during these times?

b. Are vehicles and drivers used wholly within terminals and on premises or plant sites subject to the FMCSRs?

*Guidance:*

a. Yes.

b. No.

**Question 17:** What protection is afforded a driver for refusing to violate the FMCSRs?

*Guidance:* Section 405 of the STAA (49 U.S.C. 31105) states, in part, that no person shall discharge, discipline, or in any manner discriminate against an employee with respect to the employee's compensation, terms, conditions, or privileges of employment for refusing to operate a vehicle when such operation constitutes a violation of any Federal rule, regulation, standard, or order applicable to CMV safety. In such a case, a driver may submit a signed complaint to the Occupational Safety and Health Administration.

**Question 18:** Are persons who operate CMVs for the personal conveyance of their friends or family members "private motor carriers of passengers (nonbusiness)" as defined in §390.5?

*Guidance:* No. Nonbusiness private motor carriers of passengers (PMCPs) *do not* include individuals providing personal conveyance of passengers for recreational purposes. A nonbusiness PMCP must be engaged in some group activity. For example, organizations that are exempt under the Internal Revenue Code (26 U.S.C. 501) and provide transportation for their members would generally be considered nonbusiness PMCPs: Religious, charitable, scientific, and educational organizations, scouting groups, sports clubs, fraternal societies or lodges, etc.

**Question 19:** "Unless otherwise specifically provided," §390.3(f)(2) exempts certain government entities and their drivers from compliance with 49 CFR Chapter III, Subchapter B, i.e., parts 350-399. Which parts are covered by this exemption and which are "otherwise specifically" excluded?

*Guidance:* Government employers and drivers are exempt from compliance with parts 325, 385, 387, and 390–399. However, they must comply with the drug and alcohol testing requirements in part 382 and the CDL requirements in part 383. Parts 350, 355, 384, 386, 388, and 389 do not directly regulate CMV operators, public or private, and the question of an exemption therefore does not arise.

**Question 20:** Do the FMCSRs apply to Indian Tribal Governments?

*Guidance:* Under §390.3(f)(2), transportation performed by the Federal Government, States, or political subdivisions of a State is generally exempt from the FMCSRs. Indian Tribal Governments are considered equivalent to a State governmental entity for purposes of this exemption. Thus, when a driver is employed by and is operating a CMV owned by a governmental entity, neither the driver, the vehicle, nor the entity is subject to the FMCSRs, with the following exceptions:

(1) The requirements of part 383 relating to CMV driver licensing standards;

(2) The drug testing requirements in part 382;

(3) Alcohol testing when an employee is performing, about to perform, or

Case: 1:08-cv-02902 Document #: 55-3 Filed: 02/27/09 Page 5 of 6 PageID #:232

just performed safety-sensitive functions. For the purposes of alcohol testing, safety-sensitive functions are defined in §382.107 as any of those on-duty functions set forth in §395.2 On-Duty time, paragraphs (1) through (6), (generally, driving and related activities) and;

(4) The accident report retention requirements of §390.15 are applicable when the governmental entity is performing interstate charter transportation of passengers.

*Question 21:* Does the exemption in §390.3(f)(3) for the "occasional transportation of personal property by individuals not for compensation nor in the furtherance of a commercial enterprise" apply to persons who occasionally use CMVs to transport cars, boats, horses, etc., to races, tournaments, shows or similar events, even if prize money is offered at these events?

*Guidance:* The exemption would apply to this kind of transportation, provided: (1) The underlying activities are not undertaken for profit, i.e., (a) prize money is declared as ordinary income for tax purposes, and (b) the cost of the underlying activities is not deducted as a business expense for tax purposes; and, where relevant; (2) corporate sponsorship is not involved. Drivers must confer with their State of licensure to determine the licensing provisions to which they are subject.

*Question 22:* If, after December 18, 1995, a Mexico-based driver is found operating beyond the boundaries of the four border States allowed by the North American Free Trade Agreement (NAFTA), is that driver in violation of the FMCSRs? If so, which one?

*Guidance:* No. Driving beyond the four border States is not, in and of itself, a violation of the FMCSRs.

*Question 23:* Is transportation within the boundaries of a State between a place in an Indian Reservation and a place outside such reservation interstate commerce?

*Guidance:* No, such transportation is considered to be intrastate commerce. An Indian reservation is geographically located within the area of a State. Enforcement on Indian reservations is inherently Federal, unless such authority has been granted to the States by Congressional enactment, accepted by the States where appropriate, and consented to by the Indian tribes.

*Question 24:* To what extent does the FHWA have jurisdiction to regulate the qualifications and hours of service of CMV drivers engaged in interstate or foreign commerce if the drivers only occasionally operate in interstate or foreign commerce?

*Guidance:* The FHWA published an interpretation in the *Federal Register* on July 23, 1981 (46 FR 37902) on this subject. The FHWA must show that the driver or motor carrier has engaged in interstate or foreign commerce within a reasonable period of time prior to its assertion of jurisdiction under 49 U.S.C. 31136 and 31502.

The FHWA must show that the driver or motor carrier has actually operated in interstate commerce within a reasonable period of time prior to its assertion of jurisdiction. Mere solicitation of business that would involve operations in interstate commerce is not sufficient to establish jurisdiction. If jurisdiction is claimed over a driver who has not driven in interstate commerce, evidence must be presented that the carrier has operated in interstate commerce and that the driver could reasonably be expected to make one of the carrier's interstate runs. Satisfactory evidence would include, but not be limited to, statements from drivers and carriers and any employment agreements.

Evidence of driving or being available for use in interstate commerce makes the driver subject to the FMCSRs for a 4-month period from the date of the proof. For that period, the motor carrier is also required to

comply with those portions of the FMCSRs that deal with drivers, driving, and records related to or generated by drivers, primarily those in 49 CFR parts 387, 391, 392, 395 and 396. *The FHWA believes that the 4-month* period is reasonable because it avoids both a week-by-week determination of jurisdiction, which is excessively narrow, and the assertion that a driver who is used or available for use once remains subject to the FMCSRs for an unlimited time, which is overly inclusive.

**Editor's Note:** The following memorandum was issued February 8, 2000.

**Purpose**

On July 6, 1999, I issued a memorandum to all field offices concerning the authority of the Office of Motor Carrier and Highway Safety (OMCHS) to regulate the qualifications and maximum hours of service of commercial motor vehicle (CMV) drivers who operate both in interstate and intrastate commerce. Concerns about that memo have been expressed by (1) State agencies uncertain about its implications for the Motor Carrier Safety Assistance Program (MCSAP) (specifically, the tolerance guidelines for States' intrastate hours-of-service regulations); (2) motor carriers trying to determine whether Federal or State safety regulations would apply to intrastate trips made by drivers who also handled interstate runs; and (3) FMCSA field office personnel.

After considering the issues raised by the July memo, I have decided to change the policy of the FMCSA. This memorandum explains when the agency will exercise jurisdiction over intrastate operations of motor carriers and drivers that sometimes operate interstate.

**Background**

The statutes on which most of the Federal Motor Carrier Safety Regulations (FMCSRs) are based apply only to "interstate commerce." The extent of the jurisdiction conferred by that term has been decided by the Federal courts in a long series of cases. Most of the motor carrier cases analyzing "interstate commerce" involve disputes about overtime pay under the Fair Labor Standards Act (FLSA). The FLSA exempts employers from the requirement to pay over time to any employee "with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service" under the Motor Carrier Act of 1935 (i.e., 49 U.S.C. 31502). Since the 1935 Act applies only to "interstate commerce," the courts have had to determine whether drivers not currently operating across State lines may nonetheless be subject to the "power" of the Secretary, and thus not entitled to overtime pay.

In 1981 the Federal Highway Administration (FHWA), on be-half of its Bureau of Motor Carrier Safety, published a notice in the Federal Register (46 FR 37902, July 23, 1981) discussing the more important FLSA cases and interpreting its "jurisdiction to regulate the qualifications and maximum hours of service of commercial motor vehicle drivers engaged in interstate or foreign commerce." The notice summarized the conclusions of these cases as follows:

- If in the regular course of employment a driver is, or could be, called upon to transport a shipment in interstate commerce the driver would be subject to the FHWA's jurisdiction under 49 U.S.C304 [i.e., the Motor Carrier Act of 1935, now codified at 49 U.S.C. 31502]. 49 U.S.C. 304 provides the authority to regulate the qualifications and maximum hours of service of employees and safety of operation and equipment of common carriers, contract carriers, private carriers of property, and carriers of migrant workers. . . . These cases establish the basic tests for determining whether a driver is subject to Federal jurisdiction under 49 U.S.C. 304. They hold that even a minor involvement in interstate commerce as a regular part of an employee's duties will subject that employee to the jurisdiction of the FHWA. In two of the cases mentioned, "Morris v. McComb" [332 U.S. 422, Supreme Court, 1947] and "Starrett v. Bruce" [391 F.2d 320 (10th