# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2902 | **DATE** | 4/15/2011 |
| **CASE TITLE** | Almy vs. Kickert School Bus Line, Inc. | | |

**DOCKET ENTRY TEXT**

Pending before the Court are Plaintiff Robert T. Almy's ("Plaintiff") objections [135] to Magistrate Judge Denlow's order [130]. For the reasons set forth below, the Court overrules Plaintiff's objections [135]. Pursuant to the tolling order issued on the record at the April 13, 2011, status hearing and memorialized in this order, Plaintiff must appear for his deposition on or before Wednesday, May 4 to avoid the sanctions set forth in Judge Denlow's March 14 order. Plaintiff's motion for leave to file a reply in support of his objections and request for sanctions [140] is granted in part (as to the reply) and denied in part (as to the request for sanctions).

■[ For further details see text below.]    Docketing to mail notices.Notices mailed by Judicial staff.

# STATEMENT

## I. Background

On March 14, 2011, Magistrate Judge Denlow entered a minute order [130] resolving two motions that were pending before him. He issued a split decision on Defendant's motion to compel discovery and for sanctions [122], granting the motion to compel Plaintiff to sit for his deposition and denying the motion for sanctions. In particular, Judge Denlow stated that "[a]s a party to this litigation, Mr. Almy must notify Mr. Sangerman of available dates for his deposition to be taken and must appear for deposition in Mr. Sangerman's office on or before 4/15/2011. In the event that Mr. Almy does not appear for his deposition, he will be barred from testifying at trial and will be barred from submitting any affidavits in opposition to any motion for summary judgment that may be filed." Judge Denlow also denied Plaintiff's motion to stay proceedings [124].

On March 28, Plaintiff timely filed his objections [135] to the March 14 order. On April 7, Plaintiff filed before Judge Denlow a motion [138] for stay pending his "appeal" – actually, his objections. On April 8, Defendant filed a response to the objections [137]. On April 11, Plaintiff filed a request for leave to file a reply to Defendant's response to Plaintiff's objections and a request for sanctions [140] and a statement and request in regard to the April 13 status hearing [141]. In response to Plaintiff's request, the court reset the time for the hearing to 10:00 to allow Plaintiff to participate by telephone.[1]

---

[1] As counsel reported at the April 13 status hearing, a settlement agreement has been reached in principle between Defendant and the vast majority (all but two, one of whom is Mr. Almy) of opt-in Plaintiffs in this matter. Counsel are in the process of exchanging draft settlement documents and propose to submit a final agreement for court approval in due course.

| **STATEMENT** |
|---|

## II. Analysis

As an initial matter, in regard to the standard of review, the Court concludes that although the sanctions that Plaintiff faces in the event of non-compliance with Judge Denlow's order are substantial, they are not case-dispositive. Even if Plaintiff were barred from testifying at trial and/or from submitting an affidavit at the summary judgment stage, victory would not be assured for Defendants. Accordingly, the proper standard of review is provided in Fed. R. Civ. P. 72(a), pursuant to which a magistrate judge's rulings will be set aside only if they are "clearly erroneous or contrary to law." *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006); *Bobkoski v. Board of Educ. of Cary Consol. School Dist.*, 141 F.R.D. 88, 90 (N.D. Ill. 1992); see also *Weeks v. Samsung Heavy Industries Co., Ltd..*, 126 F.3d 926, 943 (7th Cir. 1997) (holding that under the clear error standard of review, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made"). The Court hastens to add, however, that it has carefully reviewed all of the briefs, both on the objections and on the underlying motions to compel and to stay that Judge Denlow addressed in the rulings to which Plaintiff objects, and on the basis of the Court's review of the entire record, the disposition of Plaintiff's objections would be the same under a *de novo* standard.

As the Court confirmed on the record at the April 13 status hearing, the parties agree that Judge Denlow's March 14 order encompasses three essential rulings. It (1) requires Plaintiff to sit for his deposition by April 15 and imposes a sanction on Plaintiff if he refuses to do so, (2) denies Defendant's request for sanctions, and (3) denies Plaintiff's request for a stay of all proceedings. Plaintiff objects to items (1) and (3); no issues are raised for this Court's consideration as to item (2).

In considering the objections, the court first addresses Judge Denlow's grant of Defendant's motion to compel and imposition of sanctions in the event of non-compliance by Plaintiff. The Court then turns to Plaintiff's objections to Judge Denlow's denial of Plaintiff's motion to stay proceedings.

### A. Objections to the Granting of Defendant's Motion to Compel and Threatened Sanctions

To begin with, contrary to Plaintiff's suggestion, the fact that Judge Denlow's March 14 order "makes no mention of Almy's response" in no way indicates that the order is erroneous or inconsistent with due process. Judges frequently do not mention either party's briefs in their rulings, whether written or oral, and the fact that Plaintiff was given an opportunity to file a brief in response to the motion prior to the Court's ruling [see 129, filed on March 11] provided an "opportunity to be heard." This Court has every expectation that Judge Denlow read the briefs prior to ruling. But even if he did not, the ruling was neither clearly erroneous nor contrary to law. Indeed, it was eminently reasonable in the circumstances, and thus would be sustained under any standard of review.

On the merits of the order to sit for a deposition, the fundamental point of Judge Denlow's order is that when a party places matters in issue by filing a lawsuit, he must expect that the other side will use the basic tools of discovery – including document requests, interrogatories, and depositions – to test the basis for his claims. Parties to litigation routinely sit for depositions once the case reaches the discovery stage. Given the age (three years) and posture of this case (apparently settled as to all but two Plaintiffs), Judge Denlow was fully within his discretion to set a time limit of one month for the deposition to be completed. Plaintiff's suggestion that being compelled to sit for a deposition (apparently settled as to all but two plaintiffs), Judge Denlow was fully within his discretion to set a time limit of one month for the deposition to be completed. Plaintiff's suggestion that being compelled to sit for a deposition – either prior to the resolution of other issues or at all – is some form of punishment misconceives the nature of the litigation process. Providing

testimony is not punishment; it is simply the ordinary course in litigation. Indeed, even non-parties often are asked (and sometimes compelled) to provide testimony in litigation. Thus, Plaintiff's blanket objection to all discovery and his contention that other issues should be resolved before any further discovery takes place are not well taken.

Plaintiff's suggestion that the submission of interrogatories in lieu of a deposition "would best serve the interests of justice" is unconvincing. In the vast majority of cases, both interrogatories and depositions are used as fact-gathering devices, and parties generally are not forced to choose one or the other. Depositions allow for on-the-spot follow-up and thus often produce different and sometimes more useful information than interrogatory responses. Defendant was within its rights to ask for a deposition and Judge Denlow acted well within his discretion in requiring Plaintiff to appear for a deposition.[2]

Plaintiff also complains that the threat of "dispositive sanctions" is unfair and "disproportionate." But in reality, should Plaintiff refuse to comply with the order to provide his deposition, the "punishment" would very appropriately fit the "crime." The point of a deposition is to gather factual information during the discovery process, which in most cases precedes the filing of dispositive motions and in all cases precedes the trial. If Plaintiff were to refuse to allow his adversary to test Plaintiff's version of the facts in the discovery process, it would be a proportionate sanction not to allow Plaintiff to unleash for the first time at the summary judgment stage or at trial Plaintiff's version of those facts.

Plaintiff's complaint that "the order manifests a persistent disregard of the federal rules" provides no basis for overturning the order. Even if Plaintiff is correct that Defendant failed to comply with Federal Rule of Civil Procedure 5 because Defendant served the motion to compel by e-mail without Plaintiff's consent rather than in some other fashion, Judge Denlow fairly could have concluded that striking the motion and requiring Defendant to serve it again would have unnecessarily delayed the case. The purpose of serving papers is to provide notice to the other side and an opportunity to respond. Given the filing of Plaintiff's brief in opposition to the motion, it is clear that Plaintiff did in fact have notice and an opportunity to be heard.

Plaintiff's complaint that Judge Denlow did not require strict compliance with Federal Rule of Civil Procedure 37 likewise is unconvincing. Although it may be true that Defendant made only "token efforts" to confer on the motion, the filing of Plaintiff's motion to stay all proceedings at around the same time as Defendant filed its motion to compel may well have led Judge Denlow to conclude that additional efforts to resolve the discovery dispute would have been futile in light of the parties' stated positions and apparent impasse, and that the matter thus required prompt judicial resolution.

Plaintiff's contention that, at least from his perspective, "the facts of the case are not in dispute here" may be an argument in support of a motion for summary judgment, but it is not a basis for refusing to let Defendant test that proposition during the discovery phase of the case by eliciting testimony through a deposition. Similarly, Plaintiff's intention to file a motion asking Judge Denlow to recuse himself is not a reason either to grind the case to a halt or to avoid giving testimony by deposition. For all of these reasons, the objections to Magistrate Judge Denlow's order on the motion to compel [122] are respectfully overruled.

---

[2] Any objections that Plaintiff may have to the completeness of Defendant's discovery responses are matters that Plaintiff is free to raise with Judge Denlow, but they likewise do not excuse Plaintiff's obligation to sit for a deposition.

### B. Objections to the Denial of Plaintiff's Motion to Stay Proceedings

| STATEMENT |
|---|

The apparent reasons for Plaintiff's request to stay the proceedings were (1) Plaintiff's desire to file a recusal motion, (2) Plaintiff's desire not to proceed with any discovery, and especially his deposition, prior to a ruling on the anticipated recusal motion, and (3) Plaintiff's objection to a settlement conference.

As an initial matter, Plaintiff would have to sit for a deposition no matter what judge was presiding over discovery, and any judge would have been within his or her discretion in directing that the deposition go forward at this stage of the case – nearly three years after the filing of the complaint. Accordingly, there is no reason to set aside the order based on any potential recusal motion that Plaintiff may file.

Plaintiff's objection to a settlement conference likewise provides no basis for overturning the orders concerning the deposition and the denial of the stay. The settlement that reportedly has been reached as to the vast majority of plaintiffs has not impaired Plaintiff's right to carry on with his litigation. But just as Plaintiff has a right to proceed to a litigated disposition if that is his desire, the other opt-in Plaintiffs have rights to resolve the litigation on their preferred terms as well. The assigned judges have obligations to all parties, and the fact that the vast majority of the parties seem to want to settle this matter reflects favorably on Judge Denlow's decision to proceed with a settlement conference.

The objection to Judge Denlow's decision to have oral argument on the motions is not well taken. It is within the discretion of the judge hearing a motion to resolve it in the fashion that he or she sees fit. Some judges do everything on the paper; others find it easier to set the matter for an oral hearing and ruling. Some judges do some of both. It was fully within Judge Denlow's discretion to require the parties to present their arguments in the manner that would best facilitate his understanding and disposition of the issues presented to him for ruling.[3]

### III.    Conclusion

For the reasons set forth above, the Court overrules Plaintiff's objections [135] to Magistrate Judge Denlow's order [130]. However, as stated on the record in open court at the April 13 hearing, because of the time needed to brief and consider the objections and prepare this written ruling, the Court has tolled the deadline for taking the deposition set forth in Judge Denlow's March 14 order. Specifically, the time for completing the deposition is tolled from March 28 (the date on which the objections were filed) to April 15 (today's date). The deadline for Plaintiff to appear for his deposition therefore is extended by 19 days, and Plaintiff must appear for his deposition on or before Wednesday, May 4 to avoid the sanctions set forth in Judge Denlow's March 14 order. Finally, Plaintiff's motion for leave to file a reply in support of his objections and request for sanctions [140] is granted in part (as to the reply) and denied in part (as to the request for

---

[3]   The "jurisdiction issue" raised on page 10 of Plaintiff's objections is so cryptic that the Court has no basis for considering it at this time.

sanctions).  The Court has considered the points raised in the reply brief, but in light of the foregoing

| STATEMENT |
|---|
| discussion, finds no basis for imposing sanctions on Defendant. |