# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2902 | **DATE** | 8/24/2011 |
| **CASE TITLE** | Almy vs. Kickert School Bus | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, *pro se* Plaintiff Chrysse Rice's application to proceed *in forma pauperis* [169] and motion for appointment of counsel [168] are respectfully denied. Plaintiff is advised that the services of the Court's Pro Se Help Desk are available to her by appointment in the Clerk's Office, 20th Floor, Dirksen Federal Building, if she requires assistance in regard to Court practices and procedures, including in regard to the form for filing a motion for leave to amend the complaint. Please see below for further discussion.

■[ For further details see text below.]

Docketing to mail notices.Notices mailed by Judicial staff.

---

## STATEMENT

*Pro se* Plaintiff Chrysse Rice ("Plaintiff") has filed an application for leave to proceed *in forma pauperis* [169] and a motion for appointment of counsel [168]. Defendant has filed a response [166] in opposition to the motion. The other remaining *pro se* plaintiff in this action, Robert Almy, has filed two documents [170, 171] in support of the motion.

As the Court has previously noted in connection with Plaintiff Almy's requests for appointed counsel [see 95, 104], a threshold consideration is whether the party requesting counsel can satisfy the criteria for leave to proceed *in forma pauperis*. See, *e.g.*, *Stevenson v. Unichema North America*, 1995 WL 453001, at *3 (N.D. Ill. July 27, 1995) ("appointment is not permitted unless the party qualifies for *in forma pauperis* status"); see also 28 U.S.C. § 1915. Court-appointed counsel are a scarce resource, the availability of which Congress has restricted in civil cases to those who demonstrably cannot afford to retain a lawyer of their own. Although a plaintiff need not be penniless in order to proceed *in forma pauperis* under § 1915(a)(1) (see *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980)), "a plaintiff's income must be at or near the poverty level." *Bulls v. Marsh*, 1989 WL 51170, at *1 (N.D. Ill. May 5, 1989). In order to measure poverty level, many judges in this district use the poverty guidelines promulgated by the United States Department of Health and Human Services (available at http://aspe.hhs.gov/poverty/10poverty.shtml). The HHS poverty guidelines for the remainder of 2010 for the 48 contiguous states and the District of Columbia set the poverty level for a family of one at an annual income level of $10,890. (Plaintiff states that her son has turned 18 and graduated from high school in the past year; thus, she reports no one who lives with her and is dependent on her for support.)

In the financial affidavit accompanying her motion, Plaintiff states that she "netted" approximately $1,500 per month in the months in which she was working as a bus driver. She notes that she currently is "on unemployment for lack of work" and has received $281 per week in unemployment benefits during the summer "while school is out." Plaintiff's representations are consistent with the information provided by Defendant, which indicates

that Plaintiff has earned approximately $27,000 gross income on a 12-month basis, whether the year is measured as January 1, 2010 to December 31, 2010 or August 1, 2010 to July 31, 2011.

Based on the representations in Plaintiff's financial affidavit, she earns approximately 250% of the current federal poverty guidelines for a family of one. Accordingly, the Court respectfully denies Plaintiff's motion for leave to proceed *in forma pauperis* [169]. Plaintiff's motion for appointment of counsel [168] also is respectfully denied. The Court's authority to "request an attorney to represent any person unable to afford counsel" in a civil case is tied to the federal *in forma pauperis* statute, 28 U.S.C. § 1915(e)(1); see also *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc). Because Plaintiff does not qualify for *in forma pauperis* status, the Court is not in position to recruit counsel to represent her.

With that said, the Court is mindful of its duty "to ensure that the claims of a *pro se* litigant are given 'fair and meaningful consideration'" and its obligation to liberally construe pleadings filed by *pro se* litigants. *Palmer v. City of Decatur*, 814 F.3d 426, 428-29 (7th Cir. 1987). In addition, both the Seventh Circuit (see *Almy v. U.S. Dept. of Justice*, 114 F.3d 1191, 1997 U.S. App. LEXIS 11020, at *4 (7th Cir. May 7, 1997) (unpublished)), and this Court [see 104] previously have recognized the ability of Ms. Rice's fellow *pro se* Plaintiff, Mr. Almy, to present legal arguments on his own behalf. Mr. Almy has had no difficulty articulating the basis for his disagreements with counsel on matters of legal strategy and, in fact, has filed numerous lengthy memoranda of law both on procedural aspects of the current dispute and on the merits of the FLSA claims. Based on the Court's understanding of the case and its recollection of prior status hearings in which Ms. Rice has participated, it seems likely that Mr. Almy and Ms. Rice will make similar arguments on the merits of this case, and thus Ms. Rice may well benefit at least indirectly from Mr. Almy's prior litigation experience. Indeed, Mr. Almy already has demonstrated through his filings in support of the instant motion [170, 171] an interest in advocating at least some aspects of Ms. Rice's case.

In sum, *pro se* Plaintiff Chrysse Rice's application to proceed *in forma pauperis* [169] and motion for appointment of counsel [168] are respectfully denied. The parties are reminded of the deadlines established in Magistrate Judge Denlow's recent order [166] and the penalties that he has set for non-compliance [see *id.*]. To the extent that Plaintiff Rice has any discovery issues that she would like to raise, she should raise them with counsel for Defendant in the first instance, and then with Judge Denlow if they cannot reach agreement. This case will be set for further status in the district court at a later date, after the October 11, 2011 status hearing before Judge Denlow is held.