Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2902 | **DATE** | 8/31/2011 |
| **CASE TITLE** | Almy vs. Kickert Bus Lines, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff Rice's objections [173] to Magistrate Judge Denlow's August 11 order [165] are overruled.

■[ For further details see text below.]   Docketing to mail notices.Notices mailed by Judicial staff.

## STATEMENT

Pursuant to FRCP 72(a), pro se Plaintiff Chrysse Rice has filed objections to a routine discovery order entered by Magistrate Judge Denlow on August 11. Before addressing the objections, the Court will attempt to very briefly set out the pertinent background.

This FLSA case has been pending for three years. During that time, a settlement has been reached as to all but two Plaintiffs. [See 157 – order approving settlement agreement.] The two remaining Plaintiffs, Robert Almy and Chrysse Rice, objected to the settlement on various grounds and chose to continue with the litigation. For reasons that previously have been explained in detail, the Court granted prior counsel's motion for leave to withdraw from representing Mr. Almy and Ms. Rice. [See 104, 153.] The Court also has previously denied requests for counsel by both Almy and Rice. [See 104, 172.] To begin with, neither has established that they qualify for IFP status. In her objections, Plaintiff Rice notes her "severe financial difficulties." But even taking into account those circumstances, Ms. Rice's income over the past twelve months greatly exceeds the federal poverty level, and she does not qualify for IFP status – which, as previously explained, is a threshold issue for eligibility for recruitment of court appointed counsel. Moreover, unless and until Ms. Rice can show that her claims differ materially from Mr. Almy's – either factually or legally or both – appointment of counsel would be unnecessary in any event in view of Mr. Almy's facility with the pertinent law and ability to articulate the detailed grounds for his disagreement with prior counsel's litigation strategy.

Rice's principal objections to the August 11 order are that (1) Judge Denlow ordered discovery to proceed before this Court ruled on Plaintiff's IFP application and request for appointed counsel and (2) the time frame for discovery, including Rice's deposition, is too short.

## STATEMENT

As to the first objection, a couple of points are worth making. Accepting Rice's representation that she attempted to file her IFP application and motion for counsel on July 25, there still was a gap of more than five weeks between her appearance at a status hearing in the district court on June 16 and the filing of those motion papers. It appears from her objections that Ms. Rice's financial difficulties account for the delay, but that information was not known to Magistrate Judge Denlow (or to this Court), and there was no abuse of discretion or error of law in ordering discovery to proceed right away in the circumstances. This litigation has been long pending and all parties have a right to expect it to move forward without undue delay. This Court has now ruled on (and denied) the IFP application and request for appointed counsel. To the extent that Rice was subject to discovery requests in the short time between the entry of Judge Denlow's order (on August 11), the filing of her motion (on August 17) and the Court's ruling on it (on August 24), Ms. Rice suffered no prejudice. She still has a full month within which to sit for her deposition.

As to the second objection, to the extent that Rice concludes that she needs additional time for discovery, she still may file a motion with Judge Denlow requesting an extension of the current cutoff date if she has a basis for seeking such relief. But the setting of that date – particularly in the absence of any specific, articulated basis for a longer date – was in no way clearly erroneous, an abuse of discretion, or contrary to law. Again, this case has been pending for three years, Judge Denlow has been supervising discovery in the case for more than a year, and the bases for the dispute among Almy, his prior counsel, and Defendant over the pertinent law have been well developed and articulated. Absent a new revelation, the Court is hard pressed to imagine a reason why discovery in this case should not be winding to a close, and Rice has not articulated one.

In sum, for the reasons stated above, Plaintiff Rice's objections [173] to Magistrate Judge Denlow's August 11 order [165] are overruled.